IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH DUFFIN, TERESA DUFFIN, PAUL ORLOFF, JOANN ORLOFF, DAVID DERBAS, and PATSY DERBAS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EXELON CORPORATION, COMMONWEALTH EDISON COMPANY, and EXELON GENERATION COMPANY, LLC,<br><br>Defendants. | Civil Action No.: 06 C 1382<br><br>Suzanne B. Conlon, Judge |

## MEMORANDUM OPINION AND ORDER

Pursuant to the Price-Anderson Act, 42 U.S.C. § 2011 *et seq.*, Kenneth and Teresa Duffin, Paul and Joann Orloff, and David and Patsy Derbas brought this putative class action against the owner of a nuclear power plant, Exelon Corporation, and its subsidiaries, Exelon Generation Company, LLC and Commonwealth Edison Company. They allege defendants released tritiated water into the areas surrounding the plant in violation of federal and state regulations. Defendants move to dismiss the complaint for failure to state a claim. For the reasons set for below, the motion is denied.

### BACKGROUND

The following facts are derived from the complaint. This case arises from alleged tritium spills from the Braidwood Generating Station, located approximately 60 miles southwest of Chicago. Compl. at ¶¶ 2, 17. Within ten miles of the plant are the Kankakee River and three towns –

Braidwood, Godley, and Wilmington – with a combined population of approximately 13,000. *Id.* at ¶¶ 18, 59. An underground pipe, known as the "blowdown line," stretches from the plant to the Kankakee River. *Id.* at ¶ 19. Through the blowdown line, the plant is authorized by the Nuclear Regulatory Commission to discharge tritiated water into the Kankakee River. *Id.* The plant is not authorized, however, to release tritiated water to the nearby towns because human exposure to tritium may cause cancer, birth defects, and genetic damages. *See id.* at ¶¶ 22, 42.

On at least three occasions between 1996 and 2000, six million gallons of tritiated water were allegedly spilled along the blowdown line. *Id.* at ¶¶ 20, 24. According to the complaint, the spills formed a tritium plume in the groundwater of the plant. *Id.* at ¶ 26. The tritium level of the plume allegedly exceeded federal and state limits for drinking water. *Id.* at ¶¶ 26-27. The spills allegedly contaminated the air, groundwater, and aquifers in the areas surrounding the plant. *Id.* at ¶¶ 24-25, 32-33.

Through air and groundwater, the spills allegedly emitted radioactive particles onto plaintiffs' properties in Braidwood and Wilmington. *Id.* at ¶¶ 7-9, 113. Plaintiffs allege that the emissions not only damaged their properties and interfered with their rights of use and enjoyment, but also attached a stigma to their properties. *Id.* at ¶¶ 52-53, 115. To avoid using contaminated water, they incurred costs in purchasing bottled water. *Id.* at ¶ 51. In addition, they faced increased risks of developing cancer and other ailments. *Id.* at ¶ 54. Based on these alleged injuries, they assert six common law claims on behalf of homeowners and residents of the contaminated areas: (1) negligence; (2) negligence *per se*; (3) strict liability; (4) private nuisance; (5) public nuisance; and (6) trespass. They seek monetary damages and injunctive relief, including establishment of a medical monitoring program. *Id.* at ¶¶ 58-59, 124-28.

2

## DISCUSSION

### I. Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint, and dismissal is warranted only if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Cler v. Ill. Educ. Ass'n*, 423 F.3d 726, 729 (7th Cir. 2005) (quoting *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)). On a motion to dismiss, all well-pleaded allegations are accepted as true and all reasonable inferences are drawn in favor of the nonmoving party. *Cler*, 423 F.3d at 729. To survive a motion to dismiss, a complaint "need not plead particular legal theories or particular facts." *DeWalt*, 224 F.3d at 612. All that is required is a short and plain statement giving defendants fair notice of the nature and basis of the claim. *Id.*

As a general rule, the court may consider only the complaint on a Rule 12(b)(6) motion. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). Several exhibits, including news articles, are attached to the parties' briefs. These exhibits are not part of the complaint because they are not central to plaintiffs' claims. *Id.* Nor are these extraneous exhibits relevant to a determination whether the complaint is sufficient. Accordingly, the exhibits must be disregarded.

### II. Sufficiency of the Complaint

#### A. Applicable Regulations

Defendants argue the complaint is defective because it fails to allege any violations of federal regulations. They cite over a dozen cases for the proposition that federal regulations govern the standard of care in public liability actions under the Price-Anderson Act. *E.g.*, *O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090 (7th Cir. 1994). While they correctly state "federal regulations . . . provide the sole measure" of their duties in this case, *id.* at 1105, it does not follow

that at the pleading stage, plaintiffs are required to identify the specific regulations underlying the alleged violations. *Johnson v. Wattenbarger*, 361 F.3d 991, 994 (7th Cir. 2004) ("the federal rules do not require plaintiffs to plead either facts or law"). Under the liberal notice pleading standard, plaintiffs need only make a "short and plain statement" of their claims. Fed. R. Civ. P. 8(a). The complaint alleges that the tritium level in contaminated areas exceeded federal limits. Compl. at ¶¶ 2, 26-27. Viewed in the light most favorable to plaintiffs, the complaint states a claim because plaintiffs could prove a set of facts, consistent with the complaint, that entitles them to prevail. *Cler*, 423 F.3d at 729.

Arguing the contrary, defendants rely on three distinguishable cases: *Hand v. Cargill Fertilizer, Inc.*, No. 05-12353, 157 Fed. Appx. 230 (11th Cir. Dec. 6, 2005), *Acuna v. Brown & Root Inc.*, 200 F.3d 335 (5th Cir. 2000), and *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305 (11th Cir. 1998). The complaints in *Hand* and *Roberts* were dismissed because plaintiffs failed to allege they were "exposed to radiation in excess of the dosage levels set by federal regulation." *Hand*, 157 Fed. Appx. at 233; *Roberts*, 146 F.3d at 1308 (same). In contrast, the complaint here alleges that the tritium level of contaminated groundwater exceeded federal limits. Compl. at ¶¶ 2, 26-27. Thus, *Hand* and *Roberts* are inapplicable. *Acuna* is equally inapposite because in that case, the complaint was dismissed based on plaintiffs' failure to comply with pretrial orders. *Acuna*, 200 F.3d at 338. *Acuna* progressed past the pleading stage and therefore lends no support to defendants.

### B. Injuries

The parties dispute whether the Price-Anderson Act allows recovery for economic injuries, as opposed to personal injuries and property damage. According to defendants, plaintiffs must allege either personal injuries or property damage to state a tort claim under both federal and state law. *See*,

4

e.g., *In re Berg Litig.*, 293 F.3d 1127, 1131 (9th Cir. 2002) ("[p]hysical harm to persons or property is . . . a jurisdictional prerequisite [to Price-Anderson Act claims]"); *Moorman Mfg. Co. v. Nat'l Tank Co.*, 435 N.E.2d 443, 453 (Ill. 1982) (economic loss may not be recovered under strict liability in tort). Plaintiffs contend, however, that the Price-Anderson Act permits relief for damages beyond physical injuries. *Carey v. Kerr-McGee Chem. Corp.*, 999 F. Supp. 1109, 1119 (N.D. Ill. 1998) (Gettleman, J.) (predicting "the Illinois Supreme Court would uphold a claim for medical monitoring without requiring plaintiffs to plead . . . physical injur[ies]"). They also argue *Moorman*'s "economic loss doctrine" is inapplicable to a case arising from "a sudden, calamitous, or dangerous occurrence." *County of Kane v. Shell Pipeline Co., LP*, No. 04 C 8014, 2005 WL 1026583, at *4 (N.D. Ill. Apr. 6, 2005) (Der-Yeghiayan, J.).

The parties' competing arguments need not be resolved on this motion. Even under the stringent standard advanced by defendants, the complaint passes muster because it alleges "actual and substantial damage to [plaintiffs'] properties." Compl. at ¶ 115. Relying on the Illinois Supreme Court's decision in *In re Chicago Flood Litigation*, defendants argue that the allegations of property damage are conclusory and therefore cannot withstand a motion to dismiss. 680 N.E.2d 265, 280 (Ill. 1997). Their argument lacks any legal basis because a state court decision on pleading requirements is inapplicable to a motion governed by Fed. R. Civ. P. 8. *See AXA Corporate Solutions v. Underwriters Reinsurance Corp.*, 347 F.3d 272, 277 (7th Cir. 2003) (distinguishing federal notice pleading from Illinois' fact pleading). Moreover, their argument conflicts with the notice pleading standard. Fed. R. Civ. P. 8(a); *see also Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir. 1992) (a conclusory complaint does not require automatic dismissal). Because defendants have sufficient notice of the underlying claims, their argument requiring detailed allegations of property

5

damage must be rejected. *See Conley v. Gibson*, 355 U.S. 41, 48 (1957) ("the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim").

## CONCLUSION

For the reasons set forth above, the motion to dismiss the complaint is denied.

ENTER:

Suzanne B. Conlon
United States District Judge

June 16, 2006